and extending south not more than a distance of 21 feet. Under a proper construction, no part of the guard rail would have been farther west than the most westerly portion of the bridge. We made this observation by reason of the fact that the uncontradicted testimony discloses the roadway of the bridge to be 16 feet wide, whereas, the road including berms was only 14 feet. Under the state of the record, we find the case to be on all fours with that of the **Board of Commissioners of Franklin County v Darst, 96 Oh St, 163.** In the reported case the plaintiff was a guest passenger in a horse propelled vehicle. Under the statement of the case it was shown that the driver of the horse drove off the road at a point where the slope was only 2 feet deep. After driving a short distance, he plunged over a shelving wall, which constituted part of the abutment extending westwardly from the approach. In the Common Pleas Court there was a verdict and judgment for claimant. The Supreme Court reversed and rendered final judgment for the County Commissioners. Syllabus 3 reads as follows:

"Such section requires the board to erect guard rails on each side of every embankment or approach to county bridges only at such points where the embankment or approach is more than six feet high; and for a failure to comply with the requirement of that or the succeeding section, the county may be held liable for damages resulting from such failure."

An examination of the record discloses that counsel for plaintiff at all times held to the theory that plaintiff's right of recovery could and should be predicated on the fact that there was no guard rail on the wing wall.

The trial court in his rule on motion to the pleading and throughout the trial held that there was no statutory requirement to place guard rails upon this wing wall and we think properly eliminated this question as an issue in the case. The second syllabus in 96 Oh St, supra, reads as follows:

"Unless provided by statute, there can be no liability for negligence against the board in their quasi-corporate capacity. The duty imposed by said section is not limited by the discretion of the board, nor subject to the contingency that necessities may or may not require the erection of guard rails at particular points on such approach."

Unless the guard rail sections above referred to may be given a construction to require guard rails on the wing wall, no liability can be imposed for the failure so to do. We do not think the language will permit of any such construction and in this conclusion, we have the support of the Supreme Court in the reported case above referred to.

Under the facts that are not in dispute in the present case, we would have no hesitancy in saying that the Commissioners should erect a guard rail from the end of the bridge along the west berm of the road, a distance of approximately 5 feet. At this point and for this distance the approach was 16 feet high. We arrive at this 5 feet by reason of the angle of the wing wall.

If there was evidence or if it was fairly inferable that the car had gone down the 14 foot roadway and then suddenly veered to its left and over the wing wall, then we think there would have been shown a right of recovery. We have just now and previously used the expression "fairly inferable." It may be thought we are indulging on inferences in favor of the defendant. The answer is that the burden is upon the plaintiff and while we may indulge inferences favorable to the plaintiff, if the evidence will permit, we can not so do if the evidence is to the contrary or there is no evidence at all. Having determined that, under the record, the plaintiff under no circumstances could recover, it renders unnecessary consideration of the several grounds of error urged by counsel for plaintiff. We might say, however, that before arriving at our present conclusion, we examined very carefully the specific grounds of error set out in the petition in error. We find no prejudicial error in the record. The judgment of the court below will be affirmed and costs adjudged against the plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, concurs.

**FAIRBANKS, MORSE & CO v HILL et**

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 22, 1934

Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, for plaintiff in error.

Hart & McHenry, Canton, and Charles M. Hostetter, for G. A. Hill.

For full opinion see 1 OO 449; 48 Oh Ap 418.

## WEAVER v WOLF

Ohio Appeals, 2nd Dist, Franklin Co

No 4249.   Decided Aug 2, 1934

Jones & Henderson, Columbus, for defendant in error and for the motion.

Orton A. Reid, Columbus, and Paul M. Herbert, Columbus, for plaintiff in error, and contra the motion.

## OPINION

By THE COURT

Submitted on motion of defendant in error to dismiss petition in error for failure to observe Rule VIII of the Court of Appeals.

Today we have a memo from counsel for plaintiff in error in which it is stated that the delay was occasioned ·because of negotiations between the parties looking toward settlement, and that brief will be filed this week.

Under these circumstances, in view of the fact that this case can not be reached for assignment and hearing until the fall session, we are of opinion that the motion should be overruled.

HORNBECK, PJ, and BARNES, J, concur.

## WEAVER v WOLF

Ohio Appeals, 2nd Dist, Franklin Co

No 2429.   Decided Oct 2, 1934

